**COPY**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**BY FAX**

CONFORMED COPY
ORIGINAL FILED
(SOLO PARA USO DE LA CORTE)
Superior Court of California
County of Los Angeles

DEC 29 2016

Sherri R. Carter, Executive Officer/Clerk

By Victor Sino-Cruz, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
USCB, Inc., DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHRISTOPHER BURBANO

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. The[re may be a court form that you can use for your response. You can] find these court forms and more information at the California Courts Online Se[lf-Help Center (www.courtinfo.ca.gov/selfhelp), your county law libra]ry, or the courthouse nearest you. If you cannot pay the filing fee, ask the court [clerk for a fee waiver form. If you do not file your response on time,] you may lose the case by default, and your wages, money, and property may be ta[ken without further warning from the court.]

There [are other legal requirements. You may want to call an attorney right] away. If you do not know an attorney, you may want to call an attorney referral se[rvice. If you cannot afford an attorney, you may be eligible for free l]egal services from a nonprofit legal services program. You can locate these nonp[rofit groups at the California Legal Services Web site (www.lawhel]pcalifornia.org), the California Courts Online Self-Help Center (www.cou[rtinfo.ca.gov/selfhelp), or by contacting your local court or county b]ar association. NOTE: The court has a statutory lien for waived fees and costs on [any settlement or arbitration award of $10,000 or more in a civil case]. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! [Lo han demandado. Si no responde dentro de 30 días, la corte pue]de decidir en su contra sin escuchar su versión. Lea la información a continuac[ión.]*

*Tiene [30 DÍAS DE CALENDARIO después de que le entreguen esta citaci]ón y papeles legales para presentar una respuesta por escrito en esta corte y h[acer que se entregue una copia al demandante. Una carta o una lla]mada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formal [correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.*
*Puede en[contrar estos formularios de la corte y más información en el Centr]o de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca [de leyes de su condado o en la corte que le quede más cerca. Si n]o puede pagar la cuota de presentación, pida al secretario de la corte que le dé [un formulario de exención de pago de cuotas. Si no presenta su re]spuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá qu[itar su sueldo, dinero y bienes sin más advertencia.]*

*Hay otr[os requisitos legales. Es recomendable que llame a un abogado in]mediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión [a abogados. Si no puede pagar a un abogado, es posible que cump]la con los requisitos para obtener servicios legales gratuitos de un programa [de servicios legales sin fines de lucro. Puede encontrar estos grup]os sin fines de lucro en el sitio web de California Legal Services, (www.law[helpcalifornia.org), en el Centro de Ayuda de las Cortes de Californ]ia, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio d[e abogados locales. AVISO: Por ley, la corte tiene derecho a recla]mar las cuotas y los costos exentos por imponer un gravamen sobre cualquier [recuperación de $10,000 ó más de valor recibida mediante un acu]erdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el [gravamen de la corte antes de que la corte pueda desechar el caso.]*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of Los Angeles

**CASE NUMBER:** *(Número del Caso):* 16K15871

111 Hill St.
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780 Woodland Hills, CA 91367, 877-206-4741

DATE: DEC 29 2016    SHERRI R. CARTER Clerk, by    VICTOR SINO-CRUZ, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.
*Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)*.

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: USCB, Inc.
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc.

COPY

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Ste 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 29 2016

Sherri R. Carter, Executive Officer/Clerk
By Victor Sino-Cruz, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES
LIMITED JURISDICTION

CHRISTOPHER BURBANO,

    Plaintiff,

-vs-

USCB, Inc., DOES 1-50,

    Defendant.

) Case No. 16K15871
)
) **COMPLAINT**
) (Amount to exceed $10,000 but not $25,000)
)
) 1. Violation of Rosenthal Fair Debt Collection Practices Act
) 2. Violation of Fair Debt Collection Practices Act
) 3. Violation of Telephone Consumer Protection Act
)

BY FAX

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

## II. PARTIES

2. Plaintiff, CHRISTOPHER BURBANO ("Plaintiff"), is a natural person residing in LOS ANGELES County in the state of California, and is a "consumer" as defined by the

FDCPA, 15 U.S.C. §1692a(3), is a "debtor" as defined by RFDCPA, Cal Civ Code §1788.2(h), and is a "person" as defined by *47 U.S.C. § 153 (39)*.

3. At all relevant times herein, Defendant, USCB, Inc. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c). Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227.

### III. FACTUAL ALLEGATIONS

4. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff regarding an alleged debt.

5. In or around July of 2016, Defendant started making numerous phone calls to Plaintiff regarding an alleged debt, and contacted Plaintiff's cell phone number ending in -7544. Defendant has made numerous harassing calls to Plaintiff. Plaintiff had advised multiple times for Defendant to stop making phone calls, but Defendant fails to cease the calls. Defendant called Plaintiff from several phone numbers that were verified as numbers owned by Defendant.

6. Defendant made enough calls to be considered harassment, and thus caused high levels of stress to Plaintiff.

7. As a result of Defendant's actions, Plaintiff retained counsel. A notice of representation was sent to Defendant on November 7, 2016. Defendant has failed to respond favorably, if at all, to this letter as of present.

8. Furthermore, during all relevant times, Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)*, to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

9. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

10. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incur a charge for incoming calls pursuant to *47 U.S.C. §227(b)(1)*.

11. During all relevant times, Defendant did not have Plaintiff's prior consent to be contacted via an "automated telephone dialing system".

12. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code § 1788.11(d));

b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code § 1788.11(e));

c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));

d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1)) ;and

e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§ 1692d))

13. Defendant's conduct violated the TCPA by:

a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

14. As a result of the above violations of the FDCPA, RFDCPA, and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation,

embarrassment, mental anguish and emotional distress. Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

16. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Actual damages;
B. Statutory damages for willful and negligent violations;
C. Costs and reasonable attorney's fees,
D. For such other and further relief as may be just and proper.

### COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Actual damages;
B. Statutory damages;
C. Costs and reasonable attorney's fees; and,
D. For such other and further relief as may be just and proper.

### COUNT III: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

18. Plaintiff incorporates by reference all of the preceding paragraphs.

19. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

20. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation,

pursuant to *47 U.S.C. § 227(b)(3)(B)*.

21. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

22. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

23. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*;

B. As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*; and

C. Any and all other relief that the Court deems just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 28th day of December, 2016.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

Complaint - 5